# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-960V
Filed: March 8, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBERT PETTERSON,         \*

                               \*

         Petitioner,           \*         Attorneys' fees and costs decision;

                               \*         respondent does not object

v.                               \*

                               \*

SECRETARY OF HEALTH       \*

AND HUMAN SERVICES,        \*

                               \*

         Respondent.        \*

                               \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kyle M. Moore, Gainesville, GA, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 2, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that he suffered brachial neuritis as a result of an influenza ("flu") vaccine he received on September 12, 2012. Pet. at 1-2. On February 25, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On March 7, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $5,722.50 in attorneys' fees and $4,711.84 in costs for a total of $10,434.34. In

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

compliance with General Order #9, petitioner states that he incurred no out-of-pocket expenses. On March 7, 2016, respondent's counsel informed the undersigned's law clerk that respondent has no objections to the award of $10,434.34 in attorneys' fees and costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total amount of $10,434.34**, as a lump sum in the form of a check payable jointly to petitioner and Lazenby Law Group.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: March 8, 2016                                        s/ Laura D. Millman
                                                                      Laura D. Millman
                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.